THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY LEE ANDERSON, Defendant-Appellant.

(No. 11598;

Fourth District—June 12, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant was indicted and charged with the offense of murder. Thereafter, with appointed counsel, the defendant withdrew his plea of not guilty of the charge of murder and entered a plea of guilty to the charge of voluntary manslaughter. Hearing in aggravation and mitigation was thereafter conducted and the court sentenced the defendant for a term of not less than 10 nor more than 20 years in the Illinois State Penitentiary.

The defendant *pro se* filed several pleadings subsequent to the sentence. He filed a motion for a new trial, a motion to vacate the judgment, a pleading designated a motion for supersedeas, and, finally, a *pro se* petition for post-conviction hearing. Upon the filing of the latter petition, counsel was appointed for the defendant and an evidentiary hearing was held with reference to his assertion in the petition that the plea of guilty was coerced and that there was an unfulfilled promise of a sentence of 1 to 5 years in the event of a plea of guilty. At that hearing, defendant's trial counsel testified and related that he had not promised the defendant a sentence of 1-5 upon a plea of guilty. The assistant State's Attorney who prosecuted the defendant likewise testified and the substance of his testimony was to negate the allegations in that petition. Following the evidentiary hearing, the post-conviction relief was denied. This appeal is from that denial.

The Illinois Defender Project, appointed as counsel for the defendant on appeal, has filed a brief pursuant to the requirements of *Anders v.*

*California* (1967), 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396, suggesting that review of this proceeding would be frivolous, that there is no justiciable issue for review, and seeks leave to withdraw.

The *Anders* brief suggests that the only possible issues for review relate to the finding by the trial court that the guilty plea was not induced by an unfulfilled sentence recommendation and, secondly, that the admonition was inadequate. We have examined the record in this case and concur in the conclusion of court-appointed appellate counsel that further review would be frivolous; that the trial court was entitled to weigh the testimony of the witnesses at the evidentiary hearing and from that testimony could conclude that there was no promise of a lesser penalty; the admonition was adequate under the provisions of the Supreme Court rules then applicable.

The motion of counsel to withdraw is allowed and the judgment of the circuit court of Sangamon County is affirmed.

Judgment affirmed.

SMITH and SIMKINS, JJ., concur.